# EXHIBIT C

```
                                                                    1

                        UNITED STATES DISTRICT COURT
                         DISTRICT OF MASSACHUSETTS


    UNITED STATES OF AMERICA,     )
                                  )
    vs.                           )  Criminal Action
                                  )
    ELIJAH MAJAK BUOI,            )  No. 20-10130-FDS
                    Defendant     )
                                  )
                                  )
                                  )


    BEFORE:  THE HONORABLE F. DENNIS SAYLOR, IV



              STATUS CONFERENCE CONDUCTED BY ZOOM

           John Joseph Moakley United States Courthouse
                         Courtroom No. 10
                        1 Courthouse Way
                        Boston, MA 02210

                         January 5, 2022
                           3:52 p.m.










                       Valerie A. O'Hara
                     Official Court Reporter
           John Joseph Moakley United States Courthouse
                        1 Courthouse Way
                        Boston, MA 02210
                    E-mail: vaohara@gmail.com
```

```
                                                                    2

1    APPEARANCES:

2    For The United States:

3        United States Attorney's Office, by MACKENZIE A. QUEENIN,
     ASSISTANT UNITED STATES ATTORNEY, DELLA SENTILLES, ASSISTANT
4    UNITED STATES ATTORNEY, 1 Courthouse Way, Suite 9200, Boston,
     Massachusetts 02110;
5
     For the Defendant:
6
         BRYAN PATRICK OWENS, ESQ., 405 Main Street, Suite 700,
7    Houston, Texas 77002.

8    ALSO PRESENT:  Elijah Buoi

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
                                                                    3

 1                              PROCEEDINGS
 2              THE CLERK:  Court is now in session in the matter
 3     of United States vs. Buoi, Matter Number 20-10130.
 4              Participants are reminded that photographing,
 5     recording and rebroadcasting of this hearing is prohibited
 6     and may result in sanctions.
 7              Would counsel please identify themselves for the
 8     record, starting with the government.
 9              MS. QUEENIN:  Good afternoon, your Honor,
10     Mackenzie Queenin and Della Sentilles on behalf of the
11     United States.
12              THE COURT:  Good afternoon.
13              MR. OWENS:  Good afternoon, your Honor, Bryan Owens
14     for Mr. Buoi.  Good afternoon.
15              THE COURT:  This is a status conference in this
16     case.  We're proceeding by video conference.  The case is
17     set for trial with jury selection to begin on February 1st,
18     which I'll get to in a moment.
19              Let me ask the following.  There was an issue
20     concerning counsel and whether Mr. Owens would stay in the
21     case.  Mr. Owens, is there anything to report there or are
22     you going to remain counsel in the case?
23              MR. OWENS:  I am, your Honor, we're proceeding full
24     speed ahead.
25              THE COURT:  Okay.  All right.  Let's talk about
```

```
                                                                    4

 1   February 1st.  Yesterday --
 2              THE DEFENDANT:  Can I interject here, please?
 3              THE COURT:  Well, you're represented by counsel.
 4   I'll hear you, but I may cut you off, but I'll hear what you
 5   have to say.  Do you want to go into a breakout room with
 6   Mr. Owens and discuss things first before you talk?
 7              THE DEFENDANT:  We are in the process of bringing
 8   new counsel so that's what have.  I don't know whether is he
 9   talking on that or on something else.
10              THE COURT:  Well, right now we have a trial date of
11   February 1st, and but for the pandemic, that certainly would
12   hold, and that's not very far away, but let me talk about
13   the pandemic and where we are, which may affect these
14   decisions.
15              So yesterday the Court voted to suspend all jury
16   trials through January 28th, which is the Friday before
17   February 1st is the following Tuesday, and we are going to
18   look at each succeeding week on a week-by-week basis.
19              I can't say that I'm 100 percent optimistic that
20   we're going to go on February 1st, but there is at least
21   some possibility that the pandemic will crash as quickly as
22   it has accelerated and permit us to impanel juries and
23   conduct trials in February.  I don't think it's -- I don't
24   know how likely it is, let's put it that way, but we
25   aren't --
```

(Timestamps: 03:53PM at line 10; 03:54PM at line 20)

5

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  -- quite prepared to pull the plug
 3   either.
 4              THE DEFENDANT:  Right.  I understand that, your
 5   Honor --
 6              THE COURT:  Let me speak, Mr. Buoi, if I could.  So
 7   I certainly understand that a lot goes into trial
 8   preparation, and, among other issues, you have to line up
 9   witnesses and prepare, and sometimes people have to travel.
10              Mr. Owens, if he's still counsel, may have to
11   travel, et cetera, et cetera, et cetera, but that's the best
12   I can tell you right now.
13              An obvious problem is if this case is to be
14   postponed, since every case in January, including some of my
15   cases are postponed, it's going to create this domino effect
16   throughout the whole trial schedule, and I have other cases,
17   for example, with detained defendants that may take priority
18   over this.
19              I don't know what to say except it's very
20   uncertain.  Right now we're on for February 1st.  We should
21   know, you should know by say a week from today as to where
22   that stands, what the pandemic looks like, is it coming down
23   rapidly or not.  In civil cases, we can go down to six
24   jurors; in criminal cases, we can't.  That affects it as
25   well.
```

6

        We can bring in more people, impanelment is more complicated, et cetera. It's possible that we may bring back some things like social distancing that we had using in the past, maybe, maybe not. It's part of the mix. If we do some of those kind of things, if we impanel in the jury room downstairs, that limits our ability as a court to impanel multiple cases on one day, so there are lots and lots and lots of moving parts here.

        So that's kind of where we are, you know, what is the likelihood we're going to go forward on February 1st? I'd say probably below 50 percent, but it's above zero, that's about the best I can say. And when would we try it if we can't do it February 1st, I don't know the answer to that.

        We're going to do the best we can, and part of the issue is we may be shuffling civil cases among ourselves as a court in order to free people up to make sure that the criminal cases get tried, and I don't know what else to say. I'm probably telling you what you've already surmised or what you already know, but that's where we are right now.

        THE DEFENDANT: Right. Sorry for that, and thank you so much for elaborating in this proceeding. I don't know have an issue with the trial date or the trial process, what I have issue with is the counsel, the current counsel that is representing me and my family and the

7

business case here, so it's something that is going to change, that's why we have the discussion that we had back to Dave.

THE COURT: If you engage new counsel and he's paid counsel, in other words, you're not seeking a federal defender, paid new counsel, that's up to you. That person should not count on me postponing the trial. It may get postponed as a practical effect, okay, I just don't know, but, you know, right now, trial time is very, very precious. This schedule is what it is, and someone representing you might have to scramble and get up to speed in a short period of time.

THE DEFENDANT: Yes, no problem on that.

THE COURT: All right. Well, again, that's the way it may be. Ms. Queenin, anything you want to raise or take up?

MS. QUEENIN: Your Honor, I do have a few questions if you'll indulge me with respect to the schedule.

THE COURT: Yes.

MS. QUEENIN: I have no insight into what the Court's schedule looks like for the remainder of February, and one idea I had sort of thinking through the different options that may present themselves this afternoon was whether the Court has availability in the following week in February to impanel, and to the extent the Court's schedule

8

```
 1          is impacted by the government's initial estimate of the
 2          trial time, since we've started preparing the case for
 3          trial, our estimate has sort of condensed, especially so if
 4          we go full days, my co-counsel and I do not think this case
 5          will last more than a week even assuming the defendant's
 6          testimony, and I wanted to inform the Court of that and
 7          separately inquire as to whether there's some flexibility in
 8          pushing it slightly, and the reason for that, just to be
 9          transparent, is our deadlines are on Monday, significant
04:00PM 10  deadlines with respect to motions in limine and witness
11          lists, and to the extent the majority of that is on the
12          government and it reveals trial strategy, I'm just thinking
13          ahead to if the case was ultimately to be postponed to the
14          summer perhaps, all of those filings would then be very
15          premature, and so I completely defer to the Court as to its
16          schedule, but I wanted to at least ask if there's
17          flexibility to impanel on 2-8 or that week instead of the
18          2-1 date?
19                    THE COURT:  I have a civil case scheduled to
04:00PM 20  impanel, I think it's my oldest civil case, it was supposed
21          to go to trial when the pandemic hit, and it was already
22          pretty old at that point, and it involves a plaintiff who
23          is -- it may be an exaggeration to say he's on his death
24          bed, but if he's not on his death bed, he's on a death couch
25          or easy chair, I don't know what the expression would be,
```

9

1  but I would like to have that case go forward.
2          These things are a little bit intertwined, and
3  that's supposed to be a two- or three-week trial if it
4  happens. I have the entire month of March, I think actually
5  beginning February 28th I set aside for the Coleman case,
6  which is a murder and kidnapping case.
7          MS. QUEENIN:  Yes.
8          THE COURT:  And on and on and on it goes.
9          MS. QUEENIN:  I understand.
04:01PM 10          THE COURT:  I can give you some relief on this
11  upcoming deadline. I'm a little reluctant to push it too
12  far back just because I don't want, as a practical matter,
13  in fact, the February 1st date, you know, through the back
14  door, so to speak.
15          MS. QUEENIN:  Understood.
16          THE COURT:  But what I would propose, I guess, is
17  that we reconvene in a week and then I set the deadline the
18  day after that conference.
19          MS. QUEENIN:  Understood.
04:02PM 20          THE COURT:  It's a little bit of a game of chicken,
21  but at least it gives you some breathing room there.
22          MS. QUEENIN:  Understood. To be clear, should the
23  Court have kept the date of 1-10, the filings would be done,
24  it's just as the Court I know understands, we do have some
25  out-of-state witnesses, and so we're beginning to prepare

```
                                                                    10

  1    those witnesses, and arranging travel is obviously
  2    burdensome. That being said, the government wants this case
  3    to go forward as soon as possible. We certainly don't want
  4    to be trying it in the fall, and so --
  5            THE COURT: Just to state the obvious, one
  6    practical possibility here is that my civil case gets
  7    bumped, which would enable me to push this case back two
  8    weeks. The environment might be a whole lot safer. I'm
  9    trying to sort out all these pieces, as every Judge on this
04:02PM 10  court and all my state counterparts are.
 11            MS. QUEENIN: Understood. Two things I wanted to
 12    note for the record. The first was the Court as far as I
 13    can tell did not set a trial brief deadline date.
 14            THE COURT: Which?
 15            MS. QUEENIN: A trial brief deadline.
 16            THE COURT: I don't require trial briefs. If you
 17    want to file one, you can, I'll read it, but I don't require
 18    one.
 19            MS. QUEENIN: Understood. The other item I wanted
04:03PM 20  to note is the government is currently intending on agreeing
 21    with defense counsel with respect to stipulations. We're
 22    working that out. There has been no agreement reached yet
 23    on routine matters, like business records or interstate
 24    wires, but we're having those discussions, and to the extent
 25    we don't reach those stipulations, that may necessarily
```

```
                                                                    11

  1    complicate travel schedules with out-of-state witnesses as
  2    well.
  3            THE COURT:  I mean, one of the -- I still think of
  4    these things as new, I'm showing my age, but the
  5    certification process for business records obviates the
  6    need, you know, to drag some recordkeeper in from, you know,
  7    Provo, Utah or whatever, so that is obviously something that
  8    you can rely on, but I understand it is certainly helpful
  9    for things like authentication and whatnot to --
04:04PM 10            MS. QUEENIN:  Correct.
 11            THE COURT:  -- have agreement but, you know, I
 12    can't make anyone agree to anything, so do the best you can.
 13    If it doesn't work, it doesn't work.
 14            MS. QUEENIN:  Nothing further, thank you.
 15            THE COURT:  Okay.  Mr. Owens.
 16            THE DEFENDANT:  Nothing, your Honor, thank you.
 17            THE COURT:  All right.  Let's reconvene a week from
 18    today.  Mr. McKillop.
 19            THE CLERK:  How about so it would be 4:00 next
04:04PM 20    Wednesday, the 12th.
 21            THE COURT:  4:00 on Wednesday, January 12th.  Okay.
 22    Keep your fingers crossed, and we'll just see where we are.
 23    Okay.
 24            MS. QUEENIN:  Thank you, your Honor.
 25            MR. OWENS:  Thank you, your Honor.
```

12

1  (Whereupon, the hearing was adjourned at
2  4:05 p.m.)
3              C E R T I F I C A T E
4
5       UNITED STATES DISTRICT COURT )
6       DISTRICT OF MASSACHUSETTS ) ss.
7       CITY OF BOSTON )
8
9       I do hereby certify that the foregoing transcript,
10 Pages 1 through 12 inclusive, was recorded by me
11 stenographically at the time and place aforesaid in Criminal
12 Action No. 20-10130-FDS, UNITED STATES of AMERICA VS. ELIJAH
13 BUOI and thereafter by me reduced to typewriting and is a
14 true and accurate record of the proceedings.
15       Dated this July 18, 2022.
16
17                    S/s Valerie A. O'Hara
                      _____
                      VALERIE A. O'HARA
18                    OFFICIAL COURT REPORTER