# EXHIBIT E

SEALED - 1

```
 1                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MASSACHUSETTS
 2

 3                                    )
 4    UNITED STATES OF AMERICA,       )
                                      )
 5            Plaintiff,              )
                                      )   Criminal Action
 6    v.                              )   No. 1:20-cr-10130-FDS-1
                                      )   Pages 1 to 26
 7    ELIJAH BUOI,                    )
                                      )
 8            Defendant.              )
                                      )
 9

10

11            BEFORE THE HONORABLE JUDGE DAVID HENNESSY
                   UNITED STATES MAGISTRATE JUDGE
12

13                 EX PARTE HEARING - SEALED
                            Via Zoom
14

15                      February 9, 2022
                          2:06 p.m.
16

17        John J. Moakley United States Courthouse
                    One Courthouse Way
18             Boston, Massachusetts 02210

19

20

21
                    Linda Walsh, RPR, CRR
22                  Official Court Reporter
            John J. Moakley United States Courthouse
23             One Courthouse Way, Room 5205
                 Boston, Massachusetts 02210
24                 lwalshsteno@gmail.com

25
```

JA123

SEALED - 2

```
 1    APPEARANCES:

 2    No One Appeared On Behalf of the Government.

 3    On Behalf of the Defendant:

 4         BRYAN P. OWENS, ESQ.
           100 State Street, 9th Floor
 5         Boston, Massachusetts 02109
           617-992-1732
 6         bryan@owenscriminaldefense.com

 7         Elijah Buoi, Defendant, Pro se.

 8

 9

10

11

12

13

14

15

16              Proceedings reported and produced
                 by computer-aided stenography.
17

18

19

20

21

22

23

24

25
```

SEALED - 3

```
1                    P R O C E E D I N G S
2              THE CLERK:  The U.S. District Court for the District
3   of Massachusetts is now in session, the Honorable David
4   Hennessy presiding.  Today is February 9th, 2022.  We're on the
5   record in the matter of the United States versus Elijah Buoi.
6   It is Docket 20-10130.
7              Will counsel please identify themselves for the
8   record.
9              MR. OWENS:  Certainly.  Good afternoon, Judge.  Bryan
10  Owens.
11             THE COURT:  Good afternoon, Mr. Owens.
12             MR. OWENS:  Good afternoon, Judge Hennessy.
13             MR. BUOI:  Good afternoon, Judge.  This is Elijah
14  Buoi, and my wife Tabitha and my son Majak.
15             THE COURT:  Good afternoon, Mr. Buoi.
16             Dawn, I guess go ahead with the standard warning.
17             THE CLERK:  As a reminder, persons granted remote
18  access to proceedings are reminded of the general prohibition
19  against photographing, recording, and rebroadcasting of court
20  proceedings.  Violations of these prohibitions may result in
21  sanctions, including removal of court-issued media credentials,
22  restricted entry to future hearings, or denial to future
23  hearings and such other sanctions including for contempt of
24  court as may be deemed appropriate or necessary by this Court.
25             THE COURT:  Mr. Buoi, can you see and hear me?
```

SEALED - 4

```
 1          MR. BUOI:  Yes, I do, Your Honor.  I can see you, and
 2   I can hear you as well.
 3          THE COURT:  Okay.  Great.  This is a sealed ex parte
 4   hearing.  In other words, this whole record is going to be
 5   sealed.  You're appearing before me by videoconference.  I am
 6   in the federal courthouse in Worcester.  The courthouse is
 7   open.
 8          Your lawyer, Mr. Owens, is, like yourself, appearing
 9   before me by videoconference, but I have otherwise sealed the
10   courtroom.  I know that you have your wife and another family
11   member with you.  That's fine.  But the -- this is a sealed
12   proceeding, and it's ex parte.  The government is not here.
13          Ordinarily, even for a hearing like this, I would hold
14   it in open -- in my courtroom, and you would appear with your
15   lawyer, but because of the coronavirus pandemic and the delta
16   and omicron variants, I'm conducting this proceeding by
17   videoconference.  I do so to protect the health and safety of
18   everyone, including yourself, and at the same time I want to
19   have this hearing go forward as promptly as possible.
20          So as in other cases, we are offering defendants who
21   agree to appear by video the option to do so.  It's voluntary.
22   You don't have to agree to appear by video.  I want to ask you
23   a few questions just to make sure that you understand that
24   right and to make a record.
25          Do you understand that you have the right to be
```

SEALED - 5

```
 1   physically present in court for this hearing?
 2            MR. BUOI:  Yes, I do.
 3            THE COURT:  And have you discussed the fact that
 4   you're appearing by videoconference with Mr. Owens?
 5            MR. BUOI:  Yes, I do.
 6            THE COURT:  Do you understand even though that the
 7   nature of this proceeding is about new counsel, if at any time
 8   during this proceeding you want to speak to Mr. Owens, just let
 9   me know; that is, speak without my being present.  Let me know,
10   and we'll make arrangements for you to do that.
11            MR. BUOI:  Sure.
12            THE COURT:  And finally, do you understand that the
13   courthouse that I'm in is open in Worcester?
14            MR. BUOI:  Say that again.
15            THE COURT:  Do you understand that the courthouse that
16   I'm in in Worcester is open?
17            MR. BUOI:  Yes, I understand that.
18            THE COURT:  Okay.  Do you agree to waive your right to
19   appear in person and do you agree to appear by videoconference?
20            MR. BUOI:  Yes, I understand that.
21            THE COURT:  And do you agree to do that?
22            MR. BUOI:  If I want to appear by person, if the
23   pandemic has gone down a little bit, I can propose that, and we
24   can abide by that.  But given the situation we are all in now,
25   we do understand why we are agreeing in this fashion.
```

SEALED - 6

```
 1          THE COURT:  Okay.  Well, I'm just asking about the
 2    hearing that I'm having today.  Do you agree to waive your --
 3    to have it in person, and do you agree to appear instead by
 4    videoconference?
 5          MR. BUOI:  No, we want to go by video now.
 6          THE COURT:  You want to go by videoconference, okay.
 7    That's fine.
 8          Mr. Owens, any reason why I should not accept
 9    Mr. Buoi's waiver?
10          MR. OWENS:  No, none at all, Your Honor.
11          THE COURT:  I find that Mr. Buoi has knowingly and
12    voluntarily waived his right to appear physically at this
13    hearing only.
14          I find that requiring the defendant to be present
15    might jeopardize the health and safety of those who would be
16    present with him during the court proceeding.
17          I find that delay would seriously jeopardize the
18    interests of justice.
19          I find that the measures taken in this case to provide
20    public access -- I say that with some hesitation because it's a
21    sealed hearing, but I find that all reasonable steps have been
22    taken.
23          I therefore accept the waiver, and we will proceed to
24    the hearing.
25          So as I indicated, this is a sealed hearing.  This
```

SEALED - 7

```
 1   record will be sealed.  It's being conducted ex parte, which
 2   means the government is not present.
 3         Mr. Buoi, I was contacted by Judge Saylor's session
 4   yesterday to advise me that there was a need for this hearing.
 5   This case is going to trial on February 22nd, and I understand
 6   that there are differences between you and counsel, and I
 7   wanted to hear you on that.
 8         I'm aware -- you know, you all appeared before me in
 9   December, and my recollection of where things were left then is
10   that you were going to retain new counsel.  Obviously that
11   hasn't happened, but the timing is now a little bit more
12   critical because trial is just a little over a week away.
13         Why don't I hear from you, Mr. Buoi, and then I can
14   hear from Mr. Owens.
15         MR. BUOI:  Thank you so much, Your Honor.
16         That is true, we appeared before you -- we appeared
17   before you in December -- on December 8th.  First in December
18   and then after December 8th we appeared, for which I'll come
19   back, on the basis of the essence of the change of counsel;
20   that was right.  We did not change anything at all.  The change
21   of having to bring in a new counsel has not changed.
22         When we came to you, you told me that, since you're
23   looking for someone to come and represent you in the case, we
24   cannot let Bryan go.  Bryan will sit in as he's going to
25   prepare for the new counsel to come in, and from there Bryan
```

**JA129**

SEALED - 8

```
 1   can leave.  So I believe that is what we agreed on on that day.
 2   And after I left, I've been in search of the counsel.

 3         Now, when we left, I have to connect with Mr. Bryan.
 4   I sent an email, but I know Bryan is preparing for the trial.
 5   What has really astounded me and my family and everyone around
 6   here is that why does it look like it's Mr. Bryan who is going
 7   to represent me at the trial and yet we know Mr. Bryan is not
 8   going to be there.  So this is what has now brought us back
 9   here.

10         I'm still -- I'm very close to get someone on board
11   and take over the case.  That is clear.  But why fixing the
12   date -- and we all know what our stakes are here to bring in
13   someone.  So this is where we want to settle this.

14         I'm still bringing someone in, and we are just very
15   close to bring someone in, but the date should have never been
16   fixed because we don't have anyone for us.  And I think this is
17   not how things work.  There's no way a trial date can be fixed
18   while the accused or the defendant has no one to represent.  I
19   think that is where we have this concern.

20         Now, I listened to your provision that Mr. Bryan can
21   be in until we bring someone, but if that has caused this
22   misunderstanding not to wait until -- not to wait for the date,
23   for the trial date until I get my counsel, then I can say that
24   there is the confusion.  Because I thought it was a good
25   consensus between me and us, and your team, Your Honor, but if
```

SEALED - 9

```
 1   that has caused a confusion that the date has been fixed, and
 2   yet my team to represent me is not ready.
 3           They are available to Bryan, both the confusion.  And
 4   I can say now that Bryan can step aside if that may cause a
 5   confusion and then let me bring my team in to come and take
 6   over the case, and we move on for a fair trial.  So that's why
 7   we are here.  That's what brought the confusion.
 8           THE COURT:  All right.  Mr. Owens?
 9           MR. OWENS:  Yeah, thank you, Your Honor.  Thank you,
10   Mr. Buoi.
11           So the -- I recall after the hearing -- I was not able
12   to just keep telling Judge Saylor we can't set a trial date
13   because Mr. Buoi intends to bring someone else -- bring on
14   another lawyer.  That's -- I've never seen a Federal Court
15   operate that way.  They set deadlines, they set hearings, they
16   set trials, and then when, if a new lawyer does come on board,
17   then we would deal with it.  But I was unable to put off the
18   Court any more and say, well, we can't set a trial date because
19   there's a possibility that we are going to have a new lawyer.
20   The judge -- it wasn't an option.
21           So I should say, I've been preparing full-bore to
22   fight for Elijah at this trial.  Designations were due
23   yesterday.  I filed a motion to ask for two more days to file
24   those designations.  I need some responses from Mr. Buoi in
25   order to file those designations, so I emailed him that.  And I
```

SEALED - 10

```
 1   just want Mr. Buoi and his family to know and the Court to know
 2   I -- his trial right now is my number one priority.  I have
 3   never stopped preparing for this since last spring.  I am
 4   locked and loaded, ready to go for this trial -- on this trial.
 5            Obviously we need to get our designations filed.
 6   That's of paramount importance.  And I was surprised on
 7   Monday -- I was full-bore preparing for this trial when I got a
 8   call from David Grimaldi saying that Mr. Buoi had reached out
 9   to him.  So that was kind of surprising to me.  I just assumed
10   we were going to trial on the 22nd.
11            So I apologize for any confusion, if there's anything
12   I've done or said that's contributed to that.  But, yeah, I'm
13   ready -- I'm getting ready for trial, Your Honor, but I
14   certainly need his assistance in order to -- Mr. Buoi's
15   assistance in order to file our designations by tomorrow.
16   So -- but that's my position, Your Honor.  Thank you so much
17   for your time.
18            THE COURT:  If Mr. Grimaldi were to come into the
19   case, is he going to be able -- be prepared to try this case,
20   which I think has been pending, I believe, since, like, June of
21   2020, going on close to two years.  Is he going to able to try
22   this case in a week and a half?
23            MR. OWENS:  Are you directing that to me, Your Honor?
24            THE COURT:  I'll direct it to you first, Mr. Owens.
25            MR. OWENS:  So I spoke with Mr. Grimaldi.  When he
```

SEALED - 11

1   called me, he was under the assumption that the trial date was
2   set but tentative -- but tentative if -- but subject to change
3   if Mr. Buoi had brought on a new lawyer.  I told David Grimaldi
4   that's not my understanding of this trial date.  This trial
5   date is hard and fast.

6          Mr. Grimaldi sent me an email later saying there is no
7   way he would be able to be hired at this time and be ready for
8   trial on the 22nd.  So that's -- under these circumstances,
9   with a February 22nd trial date, Mr. Grimaldi will not be
10  entering his appearance, and that's what he led me to believe.

11         THE COURT:  Okay.  Mr. Buoi, just a couple of
12  observations.  One, back in December when we did have our
13  hearing, I did want Mr. Owens to stay on until you had new
14  counsel because I didn't want you to be without counsel.  You
15  know, this is obviously an important case.  The charges -- the
16  charges in the case are very serious.

17         And secondly -- and this is the voice of someone with
18  a lot of experience, Mr. Owens speaking; that's my experience,
19  too.  Before I was a judge I was a prosecutor, and when judges
20  set trial dates, cases were going on those dates.  It's never
21  been my experience that trial dates get set and it's kind of,
22  okay, well, we'll see if we can be ready.  Maybe we can; maybe
23  we can't.

24         I guess the last thing -- again, and this is
25  consistent with my experience, and I hear Mr. Owens saying it,

SEALED - 12

```
 1   it's -- the lawyers don't have control over when the Court is
 2   going to set a trial date.  The Court may say can we do it on
 3   this date or this day, something like that, but the Courts have
 4   an obligation to keep these cases moving.
 5        You have a speedy trial right under the Sixth
 6   Amendment, and the public has a speedy trial right.  In other
 7   words, if someone is charged with crimes, there's a public
 8   interest in ensuring that the case goes to trial in a timely
 9   manner.
10        Otherwise -- and I'm not saying that you're doing
11   this, but just imagine a case where every time a case got close
12   to trial a defendant says, oh, I'm going to get a new lawyer,
13   I'm going to get a new lawyer, and just continuously delays the
14   case, a Court would not permit that to happen, and it would be
15   contrary to the interest of the public as well as to the
16   interest of the defendant.
17        I don't know the -- I can't say I remember the reasons
18   why back in December we were having a hearing about getting new
19   counsel.
20        I think there are two important things to keep
21   separate here.  One is lawyers are professionals, and they do
22   certain work, and the other thing is we are all individuals.
23   We all have our personalities, our quirks, and there may be
24   some things that we do or don't like.  To give you an example,
25   we were renovating a room at my house, and the contractor was
```

SEALED - 13

```
 1   not showing up when he said he was going to show up, but he's a
 2   very talented contractor.  I spoke to my wife about it, and
 3   ultimately we just waited for him to come and do the work.  I
 4   had a -- I was unhappy that the contractor didn't get the work
 5   done when I wanted it done, but the work got done and it's very
 6   high-quality work.
 7            I don't think things are different in the legal field.
 8   You have lawyers who are experienced and talented, as you have
 9   in this case, but those lawyers also have other cases.  We had
10   COVID going on.  It delayed cases.  I'm not blaming anybody for
11   the fact that it's been a year and a half and the case has not
12   got to trial yet.  There's a lot of reasons for that.  But
13   that's something to keep very separate from the ability of
14   somebody to effectively defend you against serious charges.
15            I have no reason to believe that Judge Saylor, the
16   judge who's assigned to this case, is going to change the trial
17   date.  And I know that you're talking about bringing on another
18   lawyer.  I also know Mr. Grimaldi.  He's also an experienced
19   lawyer.  But I'm not surprised to hear Mr. Owens say that
20   Mr. Grimaldi has said there's no way he can be ready for a
21   trial on February 22nd given the volume of work here.
22            If I remember correctly, this case, it involves at
23   least four applications of which it's alleged that false
24   statements were made.  And I'm not saying any of these things
25   happened, but the allegations involve a lot of paperwork in
```

SEALED - 14

```
 1   connection with these PPP loans that were issued under the
 2   CARES Act.
 3          So I think -- I guess what I wanted to hear from you
 4   is are you sure that you want to change counsel?  I'm not sure
 5   what you're going to do if you change counsel.  I mean, if you
 6   don't have Mister -- if you don't have another lawyer who's
 7   going to be able to step in and the case is going to trial on
 8   February 22nd, what would you propose doing?
 9          MR. BUOI:  Thank you so much, Your Honor.
10          THE COURT:  Sure.
11          MR. BUOI:  I've been really following all the
12   assertions that you are making, and I'm a good listener.  To
13   become an engineer at my level, you need to listen very well.
14   And I've got you, and I'm sharing the same feeling with you and
15   everyone around this episode of this process.
16          If I can go back a little bit, when we made a
17   revelation to Judge Dennis that this is going to happen, I know
18   for sure I did not make -- I did not rescind -- I did not make
19   a reverse between I and Attorney Owen.  We know firsthand that
20   we are going in that direction.
21          I attended a couple of status conference calls in
22   which there was a tendency, there was a likelihood, a
23   likeliness that if we have this situation, then there is chance
24   from the other side of the aisle and then from the judge side
25   of the aisle and then from our side of the aisle that we can
```

SEALED - 15

```
 1   move it somewhere in the summer.  So there was tendency.
 2           Until then when Mr. Bryan asserted himself in the case
 3   and seemed to be like ready -- in which I don't really want to
 4   cause a very bad scenario.  I listened and then I can come in
 5   and try to adjust it.  But I believe if Mr. Bryan did not agree
 6   to it many times that I'm ready and instead of saying I'm still
 7   waiting for the counsel to come in, that is maybe what has
 8   affected the date.  It come from Mr. Bryan's side saying it's
 9   ready, and yet he knows we are going to change things.  So how
10   could he be ready for the trial date and yet you are not the
11   one that would have represented the client on that date?  So
12   that has caused this, and this is why we want to correct.
13           The other side knows on that aspect we were supposed
14   to move it a bit farther because of the change.  I was
15   surprised why it was moved closer, and they know we are in the
16   process.  So that is one account that has surprised me here.
17           Mr. Bryan is someone that I respect.  I know my wife,
18   she is a nurse, she take care of patients.  Myself, I'm an
19   engineer for more than 14 years.  I've done a lot of impact in
20   my field.  So do all of us; right?  I understand how things
21   are, how things work in any one field.  I respect Mr. Bryan.
22   Even I told him you are going to be a close friend of mine
23   regardless of this process.
24           But once this happened here -- and I want to reveal it
25   today because I want people to understand why.  Why.  That's
```

**JA137**

SEALED - 16

1  all.  There's nothing personal.  It is what happened, and that
2  what happened has contributed into the change.  It's not
3  because of anything.  We would have been eager even from the
4  time this case was brought to this situation.  We are ready
5  because we are ready.  Even now it has taken two years now.  It
6  is not our fault.  But we know the pandemic.  We know so many
7  moving parts are tied to this.  We understand that, and we have
8  been patient with that.  We have never gone to the media.  We
9  have never done anything.  We are just there to be there for
10 the last day of justice about this case.

11        But what happened when we were having our own -- our
12 own -- start our own call meeting and tried to look at issues,
13 information, there was an instance when we shared -- I sent
14 information to Mr. Bryan about our consistent conversation with
15 Bank of America loan officers pertaining to the PPP; right?  We
16 get enough because there were some areas I said, Mr. Bryan,
17 these are the deduction of these guys and look at the evidence.

18        The day that I send those information to Mr. Bryan
19 through the email -- I cc'd my son's email, and I send them
20 from my work email.  The day that we send the evidence, so
21 Mr. Bryan understand why are we saying this is not our doing.
22 It comes from the other side.  And this is what they were
23 telling us.  Now it turned out to be our fault.

24        So when we send those information around May, June, we
25 never get ahold of Mr. Bryan until the 8th of December when the

SEALED - 17

1  date for final was set.  Think about that.  These are the
2  stakeholders of my family, and I look at the big jeopardy in
3  the case from that.  We have been trying to connect with
4  Mr. Bryan from June, July, August, September, October.  We
5  cannot get Mr. Bryan.  And then when -- it confuses us, and
6  look at the magnitude of the case.  This is where something
7  happened.

8        In that instant so many things happened, including
9  having of my email server from my company and all the email,
10  the email domain that I used to send information to Mr. Bryan
11  has been -- all those emails were deleted.  I have to fight
12  other external parties to get my thing set up, including my
13  company email was down -- I mean, my company website was down.
14  So much happened.  This is what -- this is a real concern.  And
15  this is why we felt that, though, regardless of everything, we
16  need to change.  This has now become a big case because if
17  hacking is happening to us, emails are deleted, Bank of America
18  is getting some other third parties.  They are disturbing us.
19  Now we felt this is a fight now.

20        Mr. Bryan did not, until now, tell us where was he
21  between five and six months.  There's nothing coming from him,
22  reach out.  There are text messages here.  We got confused.

23        Now, in this situation, Your Honor, this is what
24  contributed to the change.  Maybe I don't know why that
25  happened, but I don't know.  So this is when confusion came,

SEALED - 18

```
 1   and this is the confusion now at this point in time.  We are
 2   ready.  Mr. David Grimaldi, he's willing -- he's ready to come
 3   in.  The only problem now is that the date fixed is great.
 4           Now, let's do something with the date.  We are all
 5   human.  We need fairness.  We need clearness.  I would be so
 6   happy to be executed on the facts of justice.  I'm fine with
 7   that.  The same thing, the document is happy to be told you
 8   were wrong.  Mr. Elijah did nothing.  I just need that
 9   fairness.  Things are happening now in a way that can
10   contribute into a big, big problem.
11           Because I may be here on the screen, look like someone
12   who is not as able to put on a big thing, but I'm no different
13   from Bill Gates.  I'm no different from Steve Jobs.  I'm no
14   different from Elon Musk.  It is about time.  Others know me
15   like that, but others may not know me like that.  Those who
16   know me, like Elon Musk, a bigger constellation in Southern
17   Africa.  You can see them going to street now and making
18   application.  And we don't want to go there, and that's why I
19   just want to make sure let's do this in a right way, in a quiet
20   way, look at what happened, and let's get on with this.  And
21   that's why I want to change.  I've been trying to control it.
22           THE COURT:  All right.  I have to say, Mr. Buoi, one
23   of the concerns I have is I remember you going into this a
24   little bit, and that was two months ago.  You were going to get
25   a new lawyer two months ago, and my instruction at the time was
```

JA140

SEALED - 19

```
 1   only that Mr. Owens would stay on until you got a new attorney.
 2   I mean, I expected that was going to happen in days or
 3   whatever, and here we are two months later and a trial less
 4   than two weeks away.
 5            MR. BUOI:  Mr. Seth --
 6            THE COURT:  Mr. Buoi, let me just finish, please.
 7            MR. BUOI:  Go ahead.  Go ahead.
 8            THE COURT:  You know, you certainly have rights, but
 9   you don't have the right to tell the Court when the Court is
10   going to try this case.  It's the Court that tells you when the
11   case is going to get tried.
12            If Mr. Owens does not represent you and Mr. Grimaldi
13   cannot be ready to try this case on February 22nd, what are you
14   going to do if Judge Saylor says no, we are doing the case on
15   February 22nd?
16            MR. BUOI:  In the status conference there was a
17   possibility that this case can be moved.  We need that
18   possibility to be reexamined here.
19            THE COURT:  Okay.  You have me at a disadvantage.
20   Obviously, I wasn't there, but my experience is like Mr. Owens'
21   experience, Courts have not moved trials.  I've had trials
22   start the day after Christmas.  I've had trials start in
23   snowstorms.  They do not get moved.  If you want to rely on
24   that, fine, but you don't know that that's going to happen,
25   David Grimaldi doesn't know that, and Mr. Owens doesn't know
```

**JA141**

SEALED - 20

```
 1    that.

 2              I mean, you really have to take a very serious look at

 3    the consequences of your -- of a decision that you make here.

 4              MR. BUOI:  Your Honor, I think I gave the account of

 5    why this was made, and I think this is where things come -- if

 6    what I've just narrated didn't happen, to be honest, we

 7    shouldn't be in this situation.  Everything would have gone

 8    that way.

 9              Can you get a look at the reason.  The reason that's

10    so concerning to anyone is because this is a case that has a

11    lot of scheming manmade somewhere, we know that, and we need to

12    ask a lot of question about that.  A case of assumed fraud and

13    assumed intent doesn't exist in America but it exists in my

14    case.  We have a lot of question to ask about what happened and

15    did not happen.  No one should have been here.  I think since

16    this case happened, my family and I, we have been just

17    following the rules.  So we are brought to this situation by

18    the instant that I just explained.

19              THE COURT:  Okay.  I think you need to understand that

20    these -- this was something that you wanted to do two months

21    ago.  It's really -- I don't know how it's going to play with

22    the Court when you walk in and say, okay, well, now I want a

23    new attorney, when trial is a week and a half away.  I mean, if

24    I were a judge, I would say to you, well, you said you were

25    going to do that two months ago.  How come you're doing it now?
```

SEALED - 21

```
 1          MR. BUOI:  Let me go to two months ago.  The first
 2   person that we contact, Mr. Seth, was having a back surgery at
 3   that time, and he said I may be okay.  And then when he
 4   realized he wasn't going to be okay, he --
 5          THE COURT:  Mr. Buoi, could you move the camera so I
 6   can see you.  Thank you.
 7          MR. BUOI:  I'm sorry.  I says to Mr. Seth when we were
 8   contacted to come in and he got a back surgery and he give us a
 9   small window, and when he realized that he may not recover on
10   time, he said ask Ms. Wilfred.  There are some email trail
11   about it.
12          Another thing, my family in the last two week, we all
13   got COVID, actually, and everything was ceased.  Whatever we
14   were following was stopped.  We just got recovered from the
15   virus.  So that also affects some of the things that we were --
16          THE COURT:  Okay.  All right.  Mr. Buoi, I think
17   you're running a risk here, a very significant one, but if you
18   want to get a new lawyer, I will only ask that Mr. Owens stay
19   on until a new lawyer files a notice representing you.
20          I am telling you, though, and I want you to hear this
21   clearly and not misunderstand it, in making that ruling, that
22   I'm just asking Mr. Owens to stay on until a new lawyer files
23   an appearance as representing you, I am not telling you that
24   Judge Saylor is going to continue the trial date.  I actually
25   think he's not going to continue the trial date, and you and
```

JA143

SEALED - 22

```
 1   your new lawyer are going to be on trial a week and a half from
 2   now.
 3          I don't know how your lawyer is going to represent you
 4   or how you would expect a lawyer to learn your case in that
 5   short of a period of time, but if that is what you want, that's
 6   going to -- that's going to be the outcome.  That means your
 7   lawyer -- you're losing a lawyer who is filing things on your
 8   behalf now.
 9          MR. BUOI:  Let me say this, Your Honor.  I've been
10   here for the last 17 years.  What is now unfolding cannot
11   surprise me as if -- it happened to me, it's the way it
12   happened.  Now, this unfolding now would not surprise me and
13   would not surprise Americans; right?  Why was it very difficult
14   for anyone who granted the FBI a raid to my house?  Why was it
15   very difficult for them to do an investigation to find out
16   whether something was done or not?  Why was that not difficult?
17   If it was not difficult, then why was -- why could what you
18   just called not be possible?
19          THE COURT:  I'm not saying it's not possible.  I'm
20   just telling you --
21          MR. BUOI:  I'm saying, why would the change of the
22   date would be difficult when this family's destroyed already,
23   and we are just a victim of what we don't understand.  So why
24   would that be difficult?
25          THE COURT:  Mr. Buoi, I am going to tell you the
```

SEALED - 23

```
 1  truth.  I don't know what you are talking about, but this much
 2  I am telling you, if you fire Mr. Owens, you hire a new
 3  lawyer -- and I'm not going to stand in the way of your doing
 4  that.  I'm just telling you, Judge Saylor is not moving the
 5  trial date.  You can take a risk that he does.
 6         MR. BUOI:  I know Judge Saylor.  There was a
 7  possibility of moving the date.
 8         THE COURT:  Mr. Buoi, you're all set.  You seem to
 9  know all about this and what's going to happen in court.  So,
10  you know, it doesn't sound like you're taking such a big risk.
11  You know what Judge Saylor is doing and what he's thinking and
12  what's going to happen in this case.
13         MR. BUOI:  Not completely that, but I'm referencing to
14  the adjustment of the date based on the arrival of the counsel.
15  However, on this note, I'm not authorizing what you offered
16  last time, but let Mr. Bryan sit in until you find someone, I
17  don't have a problem with that.  The only problem is the
18  confusion that happened to fix the date, and yet Mr. Bryan
19  knows someone is coming.  That's the only area.  Mr. Bryan, I
20  don't have a personal problem with Mr. Bryan.
21         THE COURT:  You didn't bring in a new lawyer.
22  Mr. Owens was your lawyer until a new lawyer filed an
23  appearance on your behalf.  You never brought in a new lawyer
24  and --
25         MR. BUOI:  The new lawyer is coming in -- the problem
```

**JA145**

SEALED - 24

```
 1   now with the new lawyer is the date, but new lawyer is willing
 2   to come in.
 3           THE COURT:  Okay.  All right.  Well, I won't stand in
 4   the way.  If you want to fire Mr. Owens and hire a new lawyer,
 5   you go ahead and do so.  Just understand, understand that does
 6   not change the trial date.
 7           MR. BUOI:  Well, again, I'm here because of something
 8   that was made to happen.  We are here on the screen because of
 9   something that was made to happen from the other side, where
10   you belong and the rest belong.  So nothing would surprise us
11   if you don't move any date because we know exactly how it was
12   orchestrated from the get-go.  It's simple.  If we need
13   justice, let's look at both sides of the aisle.  If we need to
14   continue with injustice and racial bias, let's go with --
15           THE COURT:  Mr. Buoi, you know, your remarks are
16   really getting a little bit offensive.
17           MR. BUOI:  It's not.  That's the nature of why can't
18   we move the date?  Because someone is coming.
19           THE COURT:  All right.  You can make that argument to
20   Judge Saylor.
21           Mr. Owens, is there anything you wanted to add?
22           MR. OWENS:  Yes, Your Honor.  Thank you, Your Honor.
23           So the designations, which I have got to have
24   submitted by tomorrow, I guess the -- an issue that comes in
25   immediately is if there's new counsel, he may not agree with my
```

**JA146**

SEALED - 25

```
 1   designations; correct?  So maybe, a couple things, Your Honor,
 2   I would first ask that perhaps the Court suggest that Mr. Buoi
 3   cooperate with me on the designations or maybe just --
 4   secondly, can I perhaps just have some feedback from you
 5   regarding moving forward on the designations considering
 6   there's a new lawyer who may want his own designations, just
 7   maybe some input from Your Honor on that?
 8           THE COURT:  Well, you -- you are his attorney until a
 9   new lawyer comes on, and I guess you have to deal with the
10   deadlines.
11           Alternatively, I guess you could speak to the
12   government and file a motion to get an extension of time on
13   just those filings to say new counsel is coming in, but I think
14   you just need to be careful with the representations because if
15   Grimaldi is saying he's not coming in if the trial is on the
16   22nd, I'm not sure that Mr. Grimaldi is coming in.
17           So I guess -- I think the -- I'll leave it to you, but
18   I think it may be to explore whether you can seek some type of
19   enlargement of time on those filings.
20           MR. OWENS:  Thank you, Your Honor.  Thank you.
21           THE COURT:  Okay.  All right.  We are in recess.
22   Thank you.
23           THE CLERK:  Court stands in recess.
24           (Adjourned at 2:47 p.m.)
25
```

**JA147**

SEALED - 26

```
 1                    CERTIFICATE OF OFFICIAL REPORTER

 2

 3            I, Linda Walsh, Registered Professional Reporter

 4    and Certified Realtime Reporter, in and for the United States

 5    District Court for the District of Massachusetts, do hereby

 6    certify that the foregoing transcript is a true and correct

 7    transcript of the stenographically reported proceedings held in

 8    the above-entitled matter, to the best of my skill and ability.

 9            Dated this 20th day of September, 2022.

10

11

12            /s/ Linda Walsh

13            Linda Walsh, RPR, CRR

14            Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25
```